JOSEPH GRILLO *vs.* FARLEY SCHAPEROW
*d.b.a.* ARCTIC ENGINEERING SERVICE AND STORE FIXTURE CO.

MAY 14, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This action of assumpsit was tried in the superior court before a justice thereof sitting with a jury and resulted in a verdict for the plaintiff in the sum of $933.34.   Thereafter the defendant's motion for a new trial was denied and he has duly prosecuted his bill of exceptions to this court.

The declaration is in two counts. The first count alleges an agreement by defendant to pay plaintiff certain sums as commissions and for work performed with reference to the sale, installation and servicing of certain refrigeration equipment sold and delivered to Walter E. Seymour and William A. Eccleston doing business as I G A Store in the town of Wakefield in this state. The second count includes common counts for work and labor and for money expended for defendant's use and benefit. To each count defendant filed a plea of the general issue.

In support of plaintiff's claim, Eccleston testified that sometime previous to the fall of 1951 he had purchased certain refrigeration equipment from plaintiff; that in the fall of that year he informed the latter he was interested in other equipment; that after certain discussions with him he negotiated with both plaintiff and defendant; and that as a result thereof he entered into an agreement with defendant for the purchase of certain pieces of equipment. He further testified that by the terms of the agreement defendant was to remove the old boxes from the store, but that plaintiff had them removed and also paid for the delivery of the equipment to the store.

On cross-examination Eccleston stated that he made all his arrangements with plaintiff but had no contract with him; that plaintiff represented himself as a salesman for defendant and "Mr. Schaperow quoted us the prices"; that the firm was obligated as to payments only to defendant; and that there was a balance due on the agreement. Eccleston also testified that while plaintiff and defendant were working on the installation the former came upstairs and said to him: "I have been fired. I can't finish the job"; and that up to that time plaintiff had been taking care of the electrical work. On further cross-examination he testified that in the beginning defendant told him that plaintiff was going to do the repair work and the servicing; and

that he, defendant, was going to take care of the installation and guarantee it for one year.

The plaintiff testified that, acting as defendant's agent, he represented him in making the sales to Seymour and Eccleston, and that defendant agreed to pay him commissions amounting to $782 on such sales. In support thereof he presented a paper, marked plaintiff's exhibit 2, on the stationery of Arctic Engineering Service and Store Fixture Co. This paper contained the following information:

| "OL | 8 | $250 | 1675 |
| DS | 11 | 270 | 1645 |
| OMS | | 262 | 1539 |
| | | $782. | $4859." |

The plaintiff claimed that this was in the penciled handwriting of defendant, which was not denied; that it was delivered to him by defendant; and that although it was not signed it substantiated his claim for commissions amounting to $782.

As exhibit 1 plaintiff presented, on stationery of defendant, copies of the sales agreement between defendant and Seymour & Eccleston showing that they were the only parties thereto. The plaintiff claimed that he was entitled to $225 representing a charge of $75 each for servicing the three refrigeration units. He testified that he had received from defendant $136 for certain electrical work but that defendant also owed him $85 for other electrical work, $11.22 for payments to Century Electric Supply Inc., $20.66 to Cole Teaming Company for demurrage, and $119.50 to George Stedman & Son for trucking charges in connection with the delivery of the equipment installed. The latter item was billed directly to plaintiff, as appears in his exhibit 3.

The plaintiff's wife testified that she was present when her husband and defendant discussed commissions; that, in referring to the figure of $782 in plaintiff's exhibit 2,

defendant said: "This would be your commission"; that plaintiff and defendant also discussed the charges for servicing the boxes; and that her husband was to get $75 for servicing each unit.

The defendant testified that he himself actually made the sale to the I G A Store. He denied that plaintiff was entitled to any commission and stated that he only agreed to pay plaintiff the sum of $75 for servicing each unit plus the cost of material.

The defendant's bill of exceptions contains a number of exceptions to certain evidentiary rulings made by the trial justice during the trial. For the most part such exceptions are merely stated in his brief and were not argued. However, we have carefully considered the rulings and the exceptions thereto and find that there is no prejudicial error. These exceptions are overruled.

The defendant's principal exception is to the denial of his motion for a new trial. In denying such motion the trial justice stated with reference to the evidence: "I think it became a question of credibility." He expressed his own independent conclusion as follows: "There is nothing in the plaintiff's testimony—nothing inherently improper nor was there anything in my opinion in the manner in which he testified which would justify the Court to come to the conclusion they are not to be believed. In other words, I think the jury was entitled to accept the testimony of the plaintiff as true."

Both parties stated in their briefs that the issue "is simply one of fact." The evidence was decidedly conflicting and therefore the issue to a large extent depended upon the credibility of the witnesses. Both the jury and the trial justice have decided it in favor of plaintiff. In such circumstances we cannot disturb the decision of the trial justice on a motion for a new trial unless it is clearly wrong. *Aiello v. National-Ben Franklin Fire Ins. Co. of Pittsburgh, Pa.,* 78 R. I. 114. From our examination of the record we cannot

say that he has either overlooked or misconceived any material evidence or that his decision is clearly wrong. Therefore we cannot disturb it, and this exception is over-ruled. The remaining exceptions have been examined and in our judgment are without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*William H. Leslie, Jr.,* for plaintiff.

*Thomas J. Capalbo,* for defendant.